UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MARYLND
(BALTIMORE DIVISION)

**JENNIFER MARSH**
c/o Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

      Plaintiff,

  v.                                           CASE NO.   1:23-cv-1157

**BOTTOMS UP GENTLEMEN'S CLUB, LLC**
415 East Baltimore Street
Baltimore, Maryland 21202

**SERVE:  Fred Beasley**
816 West Lombard Street
Apartment - Rear
Baltimore, Maryland 21201

And

**CHEZ JOEY, LLC**
415 East Baltimore, Street
Baltimore, Maryland 21202

**SERVE:  Mario Teresi, Sr.**
3926 East Pratt Street
Baltimore, Maryland 21224

      Defendants.

## COMPLAINT

    1.    This action arises from Plaintiff Jennifer Marsh a/k/a Jenna Gibson's ("Plaintiff") was employment with Defendants Bottoms Up Gentlemen's Club, LLC d/b/a the Bottoms Up Club ("Bottoms Up") and/or Defendants' Chez Joey, LLC d/b/a Chez Joey ("Chez Joey"), both operating throughout the relevant period at 415 East Baltimore Street, Baltimore, Maryland

21202 ("Defendants' Chez Joey and/or Bottoms Up Clubs" or "Defendants") during the period of at least 2014, through February 2, 2023.

2. The acts and omissions giving rise to this action occurred during the relevant statutory recovery period, May 2020, through February 2, 2023 ("the relevant period").

3. During the relevant period, Defendants failed to pay Plaintiff direct wage compensation for all hours worked as required by the Fair Labor Standards Act of 1938, as amended, ("FLSA"), the Maryland Wage Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL").

4. Plaintiff brings this action against Defendants under the FLSA, MWHL, and MWPCL, for recovery against Defendants, jointly and severally, of earned and unpaid minimum wage compensation, plus statutory liquidated damages, interest, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the District of Maryland, Baltimore Division, because a substantial part of the events or omissions giving rise to the claims occurred within Baltimore City, Maryland, and Defendants have had substantial and systematic contacts within Baltimore City, Maryland, within the relevant period.

## **PARTIES**

8. Bottoms Up is a limited liability company, formed under the laws of the State of Maryland, with its principal place of business in Baltimore City, Maryland.

9. Chez Joey is a limited liability company, formed under the laws of the State of Maryland, with its principal place of business in Baltimore City, Maryland.

10. During the relevant period, Defendants owned and operated Bottoms Up and Chez Joey as strip clubs, featuring nude and semi-nude female exotic dancers performing provocative and/or erotic dances for the entertainment of Defendants' customers.

11. During the relevant period, Defendants qualified as joint employer and/or as a single-employer enterprise of and for Plaintiff while employed and performing employment duties for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs.

12. During the period relevant to his action, common ownership, managers, and/or agents commonly acting on behalf of both Defendants oversaw, directed, and otherwise controlled the terms and conditions of employment of and for Plaintiff while employed and performing employment duties for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs.

13. During the period relevant to this action, common ownership, managers, and/or agents commonly acting on behalf of both Defendants held full authority and control to set and/or modify work duties, work responsibilities, work hours, and rate and method of compensation of and for Plaintiff while employed and performing employment duties for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs.

14. During the period relevant to this action, common ownership, managers, and/or agents commonly acting on behalf of both Defendants had full power and authority to hire, fire, and/or discipline and/or alter the conditions of employment of and for Plaintiff while employed

and performing employment duties for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs.

15. During the period relevant to this action, common ownership, managers, and/or agents of Defendants owned and operated Defendants' Chez Joey and Bottoms Up Clubs in cooperatively for the singular purpose of operating strip clubs providing exotic dancer and related adult entertainment for the benefit and enjoyment of Defendants' mutual customers.

16. During the period relevant to this action, Plaintiff worked and performed employment duties under Defendants' common ownership, management, and/or supervisors' direction and instruction for the primary benefit of Defendants' Chez Joey and Bottoms Up Clubs during the same days and/or weeks.

17. During the period relevant to this action, Plaintiff worked and performed employment duties for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs did so for Defendants' common benefit at Defendants' single business location, 415 E Baltimore Street, Baltimore, Maryland 21202, owned or leased, operated, and controlled by Defendants' common ownership.

18. During the period relevant to this action, Defendants shared common time keeping and compensation practices related to Plaintiff's work and employment duties performed for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs, through a common and mutually shared accountant/bookkeeper and similar administrative and bookkeeping tools to make general business and/or operational decisions for the primary benefit of Defendants' common ownership and management.

19. Plaintiff is an adult resident of Essex, Maryland.

20.     By acting as the named Plaintiff and affixing her name to the caption in this pleading, Plaintiff provides the Court with her written consent to prosecute her claims against Defendants for unpaid wages and damages under the FLSA and Maryland law.

## **FACTS AND ALLEGATIONS**

21.     During the relevant period, Plaintiff was employed by Defendants to perform employment duties as a manager and bartender for, at, or in Defendants' Chez Joey and Bottoms Up Clubs.

22.     While employed during the relevant period, with the exception of COVID closures, occasional weeks with no and/or less work, and a one-month period in April/May 2022 when Plaintiff took a break from her employment to care for her mother, Plaintiff customarily worked about five (5) shifts per week, from about 7:30 PM, until about 3:00 AM, for an average total of about thirty-five (35) hours per week.

23.     During the relevant period, Defendant had actual knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours as herein alleged.

24.     During the relevant period, Defendants qualified as an enterprise engaged in commerce as defined by the FLSA.

25.     During the relevant period, Plaintiff and Defendants' other employees, managers, bartenders, and cashiers took payments from Defendants' customers by cash and through credit card transactions each day Defendants' Chez Joey and/or Bottoms Up Clubs were open.

26.     During the relevant period, Defendants served beer and liquor at Defendants' Chez Joeys and/or Bottoms Up Clubs that was brewed/distilled outside of Maryland, along with soda which was also manufactured outside of Maryland.

27. In each year relevant, Defendants had gross sales or revenue exceeding $500,000.00.

28. During the relevant period, Defendants paid Plaintiff no direct wages in exchange for hours Plaintiff worked for Defendants' primary benefit while employed by Defendants to perform employment duties for, at, or in Defendants' Chez Joey and Bottoms Up Clubs each hour, day, and/or week.

29. During the relevant period, Plaintiff earned wages for manager and bartender work duties performed for Defendants' primary benefit for, at, or in Defendants' Chez Joey and/or Bottoms Up Club through Defendants' taking and assigning to Plaintiff tips and similar money taken by Defendants from Defendants' exotic dancer workforce.

30. During the relevant period, insofar as Plaintiff received income or compensation exclusively through tips, it is presumed Defendants intended to pay Plaintiff pursuant to the FLSA and/or MWHL "tip credit."

31. During the relevant period, Defendants' right and/or entitlement to utilize the FLSA and/or MWHL "tip credit" was subject to and dependent upon Defendants' full compliance with FLSA Section 216(m) and Maryland Code, Labor and Employment Section 3-419, requiring in relevant part:

    a. Defendants must have actually paid Plaintiff direct hourly wages not less the Maryland Minimum "tip credit" Minimum Wage Rate, $3.63 per hour ($2.13 per hour under the FLSA);

    b. Defendants must have provided Plaintiff with the required "tip credit" notice by informing Plaintiff about the provisions of the "tip credit" section of the FLSA

and Maryland Code as the mechanism by which Defendants would be compensating Plaintiff; and

c.   Defendants were required to permit Plaintiff to keep and retain all tips received from the Defendants' customers.

32.   Prior to and during the relevant period, Defendants failed to comply with and/or violated the MWHL and FLSA "tip credit" because Defendants failed to pay Plaintiff direct wages at or above the required "tip credit" sub-minimum wage rate.

33.   Prior to and during the relevant period, Defendants failed to comply with and/or violated the MWHL and FLSA "tip credit" because Defendants failed to provide Plaintiff with the required "tip credit" notice.

34.   Because, during the relevant period, Defendants failed to comply with the and/or violated the MWHL and FLSA "tip credit" statutory requirements, Defendants may not apply or credit tips Plaintiff received during the relevant period of her employment against the Federal and/or Minimum Wage compensation Defendants were required to pay Plaintiff for each hour worked.  *See Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977).

35.   During the relevant period, Defendants had actual knowledge their failure to pay Plaintiff wages for hours worked was in direct violation of Defendants' wage payment requirements and Plaintiff's wage payment rights set forth under the FLSA, the MWHL, and the MWPCL.

36.   During the relevant period, Defendants' violations of the FLSA, MWHL, and MWPCL, as set forth in this pleading, was willful and in bad faith, and has caused significant damages to Plaintiff.

37. For unpaid employment duties Plaintiff performed for Defendants' primary benefit during the relevant period, Defendants now owe Plaintiff earned back wages equal to the full applicable Maryland Minimum Wage in the total amount of approximately Fifty Thousand Dollars ($50,000.00), plus statutory liquidated damages, interest, and Plaintiff's attorney's fees and costs.

## COUNT I
## Violation of the Fair Labor Standards Act of 1938 as Amended

38. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

39. During the relevant period, Defendants qualified as Plaintiff's employer, joint employer, and/or single enterprise employer under the FLSA.

40. As a result of the above alleged practices, during the relevant period, Defendants violated the FLSA by failing to compensate Plaintiff for all hours worked at a direct hourly wage rate at least equal to the Federal Minimum Wage rate.

41. Defendants now owe Plaintiff earned and unpaid back wages under the FLSA at the Federal Minimum Wage rate for all hours worked during the relevant period.

42. Prior to and during the relevant period, Defendants had actual and/or constructive knowledge of the FLSA Minimum Wage and wage payment requirements and Defendants' failure to abide by the same in compensating Plaintiff was willful, knowing, and intentional or, at minimum, reckless.

43. Defendants' failure to properly compensate Plaintiff during the relevant period as required by the FLSA was not the product of good faith on the part of Defendants.

## COUNT II
## Violation of Maryland Law – Unpaid Minimum Wages (MWHL)

44. Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

45. During the relevant period, Plaintiff performed employment duties for Defendants' primary benefit, for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs, within Baltimore City, Maryland.

46. During the relevant period, Defendants qualified Plaintiff's employer, joint employer, and/or single enterprise employer under the MWHL.

47. As a result of the above alleged practices, during the relevant period, Defendants violated the MWHL by failing to compensate Plaintiff for all hours worked at a directly hourly wage rate at least equal to the Maryland Minimum Wage rate.

48. Defendants now owe Plaintiff earned and unpaid back wages under the MWHL at the applicable Maryland Minimum Wage rate for all hours worked during the relevant period.

49. Prior to and during the relevant period, Defendants had actual and/or constructive knowledge of the Maryland Minimum Wage and wage payment requirements and Defendants' failure to abide by the same in compensating Plaintiff was willful, knowing, and intentional or, at minimum, reckless.

50. Defendants' failure to properly compensate Plaintiff during the relevant period as required by the MWHL was not the product of good faith on the part of Defendants.

**COUNT III**
**Violation of Maryland Law**
**Failure to Pay Full and Timely Wages Required by Maryland Law (MWPCL)**

51. Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

52. During the relevant period, Plaintiff performed employment duties for Defendants' primary benefit for, at, or in Defendants' Chez Joey and/or Bottoms Up Clubs, within Baltimore City, Maryland.

53. During the relevant period, Defendants qualified Plaintiff's employer, joint employer, and/or single enterprise employer under the MWPCL.

54. As a result of the above alleged practices, during the relevant period, Defendants violated the MWPCL by failing to fully and timely compensate Plaintiff all wages earned and legally due and owing for all hours worked at a direct hourly wage rate at least equal to the Maryland Minimum Wage as required by Maryland law.

55. As a result of the above alleged practices, during the relevant period, Defendants violated the MWPCL by failing to fully and timely pay Plaintiff all wages earned and due and owing for all hours worked each pay period.

56. Defendants now owe Plaintiff earned and unpaid back wages under the MWPCL at the applicable Maryland Minimum Wage rate for all hours worked during the relevant period.

57. Prior to and during the relevant period, Defendants had actual and/or constructive knowledge of the Maryland and MWPCL wage payment requirements and Defendants' failure to abide by the same in compensating Plaintiff was willful, knowing, and intentional or, at minimum, reckless.

58. Defendants' failure to properly full and timely compensate Plaintiff earned wages during the relevant period as required by the Maryland law and the MWPCL was not the product of good faith on the part of Defendants or a *bona fide* dispute by or between Defendants and Plaintiff.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a) An order finding that Defendants violated the FLSA, MWHL, and the MWPCL;

b) An order finding Defendants' violations of the FLSA, MWHL, and MWPCL were not the product of good faith;

c) An order finding Defendants' violations of the FLSA, MWHL, and MWPCL were willful;

d) Judgment against Defendants, jointly and severally, and in favor of Plaintiff in the amount of all earned wages due and owing by Defendants to Plaintiff at the applicable minimum wage rate for all hours worked during the relevant period.

e) Judgment against Defendants, jointly and severally, and in favor of Plaintiff in the full amount of all available liquidated damages and penalties as provided under the FLSA, MWHL, and MWPCL;

f) Judgment against Defendants, jointly and severally, and in favor of Plaintiff in the amount of all costs and attorneys' fees incurred in prosecuting Plaintiff's claims, to be determined by post-judgment petition; and

g) Such further relief as the Court deems just and equitable.

Dated this 1st day of May 2023	Respectfully submitted,

ZIPIN, AMSTER & GREENBERG, LLC

___/s/  Gregg C. Greenberg_____
Gregg C. Greenberg
Maryland Federal Bar No. 17291
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax:  240-839-9142
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff*