UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JENNIFER MARSH, *et al.*,          *

      Plaintiffs,          *

v.          *          Civil Action No. EA-23-1157

BOTTOMS UP GENTLEMEN'S          *
CLUB, LLC, *et al.*,
                *
      Defendants.

MEMORANDUM OPINION

Plaintiff Jennifer Marsh initiated the above-captioned action on May 1, 2023, asserting

violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (FLSA), and

Maryland state law, based on the allegation that Defendants Bottoms Up Gentlemen's Club, LLC

(Bottoms Up) and Chez Joey, LLC (Chez Joey) failed to pay direct wage compensation for all

hours worked, and seeking actual and statutory liquidated damages, and attorney's fees and

costs. ECF No. 1. On October 17, 2023, Ms. Marsh filed an Amended Complaint that added

Plaintiff Lakiea Williams as a party. ECF No. 10. Service of process was effected upon

Bottoms Up and Chez Joey on October 20, 2023. ECF Nos. 14 and 15. Defendants did not

timely file a response to the Amended Complaint and, as a result, Ms. Marsh and Ms. Williams

moved for Clerk's Entry of Default (ECF No. 16), which was entered on January 3, 2024 (ECF

Nos. 17-20). Pending before the Court is Defendants' Motion to Set Aside Default. ECF No.

21. The issues are fully briefed (ECF Nos. 21 and 22), and no hearing is necessary. Local Rule

105.6 (D. Md. 2023). For the reasons set forth below, Defendants' motion is granted.

I.      **Discussion**

Bottoms Up and Chez Joey move to set aside the entries of default pursuant to Federal

Rule of Civil Procedure 55, which provides that the "court may set aside an entry of default for

good cause." Fed. R. Civ. P. 55(c).  There are six factors the court considers when determining

whether to set aside a default: "[1] whether the moving party has a meritorious defense,

[2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting

party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the

availability of sanctions less drastic."  *Payne ex rel. Est. of Calzada* v. *Brake*, 439 F.3d 198, 204-

205 (4th Cir. 2006).  Both the Court of Appeals for the Fourth Circuit and this Court have

"repeatedly expressed a strong preference that, as a general matter, defaults be avoided and

defenses be disposed of on their merits."  *Colleton Prep. Acad., Inc.* v. *Hoover Univ., Inc.*, 616

F.3d 413, 417 (4th Cir. 2010); *see also Tazco, Inc.* v. *Dir., Office of Workers Comp. Prog.*, 895

F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter.");

*Pennsylvania Nat'l Mut. Cas. Ins. Co.* v. *Generali-U.S. Branch*, Civil Action No. JKB-23-2746,

2024 WL 1194737, at *2 (D. Md. Mar. 20, 2024).  Each of the relevant factors for determining

whether to set aside an entry of default is addressed in turn below.

### A.    Existence of a Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for

the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass*

*Coatings, Inc.* v. *Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).  The defaulting

party must put forward "more than a conclusory statement of fact," but the burden is "not

onerous." *Commodity Futures Trading Comm'n* v. *Jali*, Civil Action No. PJM-20-2492, 2024

WL 249159, at *3 (D. Md. Jan. 23, 2024) (internal quotation marks and citation omitted).  All

that is required "is a presentation or proffer of evidence, which, if believed, would permit either

the Court or the jury to find for the defaulting party." *United States* v. *Moradi*, 673 F.2d 725,

727 (4th Cir. 1982).

Bottoms Up and Chez Joey argue that their individual gross incomes are below the minimum thresholds under the FLSA and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq*., and that their gross incomes should not be aggregated as a common enterprise under the applicable statutes.  ECF No. 21 ¶ 5.  They also assert that Ms. Marsh and Ms. Williams never worked overtime at either location.  *Id*. at ¶ 4.  Ms. Marsh and Ms. Williams counter that they qualify for protections under the FLSA regardless of Defendants' gross income, and that Defendants' assertions regarding gross incomes, status as a common enterprise, and the overtime hours are conclusory, unsupported, and fail to establish a meritorious defense.  ECF No. 22 at 5-7.[1]

The asserted meritorious defenses are supported by affidavits from the sole member of each entity, Bottoms Up and Chez Joey.  ECF Nos. 21-1 and 21-2.  Although Plaintiffs dispute the factual allegations supporting the asserted defenses, it is not for the Court to determine the veracity of Defendants' assertions when deciding a motion to set aside a default, as those issues will be the subject of future litigation.  *Russell* v. *Krowne*, Civil Action No. DKC-08-2468, 2013 WL 66620, at *2 (D. Md. Jan. 3, 2013); *see also Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 2024 WL 1194737, at *2 ("At this procedural posture, with scant briefing and a limited record, the Court is disinclined to wade into the depths of the underlying factual dispute between the parties.").  It is sufficient that the assertions of Bottoms Up and Chez Joey, if true, may provide a meritorious defense as to liability or damages for at least some of Ms. Marsh and Ms. Williams' claims.  *Pennsylvania Nat'l Mut. Cas. Co.*, 2024 WL 1194737, at *2 & n.1.  Indeed, several decisions of this Court have found a meritorious defense supported by a submission similar to

---

[1]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

that of Defendants in this action.  *E.g.*, *Quarles* v. *Wells Fargo Bank, N.A.*, Civil Action No. GJH-20-3200, 2022 WL 952025, at *5 (D. Md. Mar. 30, 2022) (affidavit); *Makowske* v. *Lincoln Life Assurance Co. of Bos.*, Civil Action No. SAG-21-1439, 2021 WL 3288365, at *2 (D. Md. Aug. 2, 2021) (declaration); *J & J Sports Prods., Inc.* v. *Mumford*, Civil Action No. DKC-10-2967, 2011 WL 1675223, at *2 (D. Md. May 3, 2011) (unsworn answer).  Such an approach is consistent with the Fourth Circuit's "long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Colleton Prep. Acad., Inc.*, 616 F.3d at 421 (internal quotation marks and citation omitted).  This factor weighs in favor of Defendants.

### B.     Acting with Reasonable Promptness

Determining whether a party has acted with reasonable promptness requires a tailored analysis "gauged in light of the facts and circumstances of each occasion."  *Moradi*, 673 F.2d at 727.  Bottoms Up and Chez Joey state that they have acted with reasonable promptness in moving to set aside the defaults.  ECF No. 21 ¶ 6.  Ms. Marsh and Ms. Williams do not dispute this point.  ECF No. 22.  Defendants timely moved to set aside the defaults on February 2, 2024 (ECF No. 21), the same date as the 30-day deadline identified in the Clerk's Notices of Default (ECF Nos. 18 and 20).  This Court has found other defendants acted with reasonable promptness in moving to set aside default on the day the motion was due.  *E.g.*, *Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 2024 WL 1194737, at *2.  This factor weighs in favor of Defendants.

### C.     Personal Responsibility for the Default

In determining whether default was the willful personal responsibility of the defaulting party, the Fourth Circuit has distinguished "between the fault of counsel and the fault of a party personally."  *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811.  The Court of Appeals has

cautioned that a motion to set aside a default should ordinarily be granted when a party is blameless, but when a party is at fault it must adequately defend its conduct.  *Id.*  Also relevant is whether the "noncompliance represents bad faith or a complete disregard for" the legal process and authority of the court.  *Russell*, 2013 WL 66620, at *3.

Bottoms Up and Chez Joey acknowledge that their designated resident agents are both deceased and do not dispute the efficacy of service of process through the Maryland State Department of Assessments and Taxation (SDAT).  ECF No. 21 ¶ 2.  The sole member of the defendant entities each attest that although the summons and Amended Complaint were delivered to the businesses, they did not personally receive a copy of the documents.  ECF Nos. 21-1 ¶ 1 and 21-2 ¶ 1.  Defendants further assert that there was a breakdown in communication between the respective members and counsel regarding the fact that suit had been filed, service of process had been effected, and counsel had been retained.  ECF No. 21 ¶ 3; *see also* ECF Nos. 21-1 ¶ 1 and 21-2 ¶ 1 (stating that members were "under the impression that counsel was retained").  Bottoms Up and Chez Joey claim that it was not until they received the notices of default that they "realized something had slipped through the cracks and immediately contacted counsel to defend this action."  ECF No. 21 ¶ 3.

Ms. Marsh and Ms. Williams counter that these statements, taken together, provide a vague, conflicting, and facially insufficient account of why Bottoms Up and Chez Joey did not timely file a responsive pleading to the Amended Complaint.  ECF No. 22 at 2-3, 7-8.  Ms. Marsh and Ms. Williams further argue that because Defendants have been sued in this Court (independently or jointly) on at least three other occasions, it is "inexplicable" that they have not identified new resident agents and their claimed confusion as to their obligations to retain counsel and file a responsive pleading is "disingenuous."  *Id*. at 7-8.

The undersigned takes judicial notice of the fact that Defendants have previously been sued in this Court by Plaintiffs' counsel on at least three occasions (and were represented by their current defense counsel on two of those occasions), and that their resident agents have not been updated on SDAT despite learning of their passings at least three months ago.[2]  While Bottoms Up and Chez Joey acknowledge a breakdown in communication with their counsel, their explanation is vague and does not clearly indicate whether fault lies with them or their counsel. ECF Nos. 21 ¶ 3, 21-1 ¶ 1, and 21-2 ¶ 1.  It is also noteworthy that Defendants acknowledge having received the notice of default but contend that they did not receive the summons and Amended Complaint, both presumably sent to the same business address.  ECF No. 21 ¶ 2-3. Although there is no evidence that Defendants were "motivated by any intent … to disregard or derail the legal process," *Makowske*, 2021 WL 3288365, at *2, this factor nevertheless weighs against them.

### D.    Prejudice

Bottoms Up and Chez Joey assert that the short delay caused by the default has not prejudiced Ms. Marsh and Ms. Williams.  ECF No. 21 ¶ 6.  Ms. Marsh and Ms. Williams do not

---

[2]  Under Federal Rule of Evidence 201, the Court may take judicial notice of its own record and public records if they are not subject to reasonable dispute.  Fed. R. Evid. 201; *see also Anderson* v. *Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 (4th Cir. 1990) (the court may take judicial notice of its own records); *Philips* v. *Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (the court may take judicial notice of matters of public record).

Other cases involving Defendants in this Court include *Prasch* v. *Bottoms Up Gentlemen's Club, LLC,* et al., Civil Action No. LKG-23-634; *Kitzinger* v. *Chez Joey, LLC,* et al., Civil Action No. JMC-17-61; and *Gamble* v. *Chez Joey, LLC*, Civil Action No. SAG-16-1245.

As of the date of this Memorandum Opinion, the SDAT Business Entity Search indicates that the resident agents for Bottoms Up and Chez Joey have not been updated.  Md. Dep't of Assess. & Tax'n, *Business Entity Search*, MD. BUS. EXPRESS, https://perma.cc/DT5L-59MA (last visited May 15, 2024).

assert otherwise.  ECF No. 22.  "[D]elay in and of itself does not constitute prejudice against the opposing party."  *Colleton Prep. Acad., Inc.*, 616 F.3d at 418.  Here, there is no evidence that Ms. Marsh and Ms. Williams would experience undue prejudice if the entries of default were set aside less than five months after they were entered.  *Diaz* v. *Danny's Cleaning Serv., LLC*, Civil Action No. PWG-19-1230, 2020 WL 12740430, at *2 (D. Md. Apr. 27, 2020) (weighing factor in favor of defendants when plaintiffs did not argue they would be prejudiced).  This factor weighs in favor of Defendants.

### E.    History of Dilatory Action

Bottoms Up and Chez Joey do not argue this factor.  ECF No. 21.  Conversely, Ms. Marsh and Ms. Williams assert only in passing that Defendants are engaged in "willfully dilatory behavior."  ECF No. 22 at 9.  There is no indication in the current record "of any previous dilatory action by Defendants."  *Diaz*, 2020 WL 12740430, at *2.  This factor does not weigh in favor of Plaintiffs or Defendants.

### F.    Availability of Less Drastic Sanctions

Ms. Marsh and Ms. Williams concede that as an alternative sanction, the undersigned may award attorney's fees associated with preparing the opposition to Defendants' motion.  ECF No. 22 at 8.  The availability of lesser sanctions indicates that this factor weighs in favor of Defendants.  *See Makowske*, 2021 WL 3288365, at *3.  Such sanctions are not appropriate in this case given the lack of articulable prejudice to Ms. Marsh and Ms. Williams from the modest delay.

## II.    Conclusion

For the forgoing reasons, it is hereby ordered that Defendants' Motion to Set Aside Default (ECF No. 21) is granted.  Pursuant to Federal Rule of Civil Procedure 55(c), the entries

of default (ECF Nos. 17 and 19) shall be set aside.  Defendants shall respond to the Amended

Complaint within seven (7) days from the date of this Memorandum Opinion.  A separate Order

will follow.


Date: May 15, 2024                                    _____/s/_____
                                                      Erin Aslan
                                                      United States Magistrate Judge