UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER MARSH,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. EA-23-1157 |
| **BOTTOMS UP GENTLEMEN'S CLUB, LLC,** *et al.*, | * | |
| | * | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jennifer Marsh initiated the above-captioned action on May 1, 2023, asserting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), and Maryland state law based on the allegation that Defendants Bottoms Up Gentlemen's Club, LLC and Chez Joey, LLC failed to pay direct wage compensation for all hours worked, and seeking damages, attorney's fees, and costs. ECF No. 1. On October 17, 2023, Ms. Marsh filed an Amended Complaint that added Plaintiff Lakiea Williams as a party. ECF No. 10. Pending before the Court is Plaintiffs' Motion for Sanctions. ECF No. 40. Defendants filed a timely response (ECF No. 41–42) and Plaintiffs elected not to file a reply, thus the motion is fully briefed. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the motion is denied without prejudice to renew.

**I.      BACKGROUND**

After Defendants did not timely file a response to the Amended Complaint, Plaintiffs moved for Clerk's Entry of Default (ECF No. 16), which was entered on January 3, 2024 (ECF Nos. 17-20). Defendants then filed a Motion to Set Aside Default (ECF No. 21), which the Court granted (ECF No. 23). Thereafter, the Court entered a Scheduling Order, which was amended following the parties' joint request. ECF Nos. 29-1, 32–33. Under the Amended

Scheduling Order, discovery is set to close on December 13, 2024.  ECF No. 32–33.  The Court also entered an Order on Discovery Dispute Procedure, which explained the parties' duties to read and comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, including the Discovery Guidelines of the Court.  ECF No. 30 at 1.[1]

On August 12, 2024, Plaintiffs requested a conference with the Court to discuss Defendants' failure to respond to written discovery requests and defense counsel's failure to engage with plaintiffs' counsel to resolve the discovery dispute.  ECF No. 35.  In response, the Court ordered defense counsel to review the Order Regarding Discovery Dispute Procedure (ECF No. 30), Plaintiffs' request for a conference (ECF No. 35), and Local Rule 104.7 & Appendix A (D. Md. 2023); respond to plaintiffs' counsel's request for a conference regarding the status of discovery; and file a report outlining the status of discovery by August 16, 2024.  ECF No. 36.  Defendants failed to file the report as directed.

On August 16, 2024, Plaintiffs again requested a conference with the Court, representing that defense counsel had not responded to plaintiffs' counsel's multiple attempts at contact.  ECF No. 38.  On August 20, 2024, the undersigned held a status conference with counsel for the parties (ECF No. 44), at which time defense counsel indicated that he believed Defendants would be filing a bankruptcy petition, but they had not yet done so (ECF Nos. 41 ¶ 1; 42 ¶ 1).  Defense counsel agreed that if Defendants had not filed for bankruptcy, they would respond to Plaintiffs' written discovery requests by August 27, 2024.

## II. DISCUSSION

In the pending motion for sanctions, Plaintiffs seek to have the Court enter a default judgment against Defendants as a sanction pursuant to Federal Rule of Civil Procedure 37 and

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

the Court's inherent authority.  ECF No. 40 at 1.  In support of this motion, Plaintiffs assert that Defendants still have not responded to written discovery requests or filed a bankruptcy petition.  *Id.* at ¶¶ 8–14.  In opposition, Defendants represent that they have engaged in unsuccessful settlement discussions with Plaintiffs and that they still intend to file for bankruptcy.  ECF Nos. 41 ¶¶ 2–5; 41 ¶¶ 2–5.  Defendants do not indicate any timeline for a response to Plaintiffs' written discovery requests.  ECF Nos. 41, 42.

Under Federal Rule of Civil Procedure 37(b)(2)(A), the Court has wide discretion to issue an order imposing sanctions for violation of a discovery order.  *Mut. Fed. Sav. & Loan Ass'n* v. *Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).  Available sanctions under this rule include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).  This Court has previously found that a party's failure to respond to discovery can properly result in dismissal or default.  *E.g.*, *Proctor* v. *Charlestown Cmty., Inc.*, Civil Action No. GLR-22-1365, 2023 WL 8478903, at *3 (D. Md. Dec. 7, 2023); *Franklin* v. *Tri-Cnty. Council for the Lower E. Shore of Maryland*, Civil Action No. ELH-15-786, 2016 WL 3653966, at *3 (D. Md. July 8, 2016).  When invoking the sanction of dismissal or default, the Court's "range of discretion is more narrow" because of the competing need to enforce discovery orders and to protect "the party's rights to a trial by jury and a fair day in court."  *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.  Accordingly, the Court must engage in a four-part analysis to determine whether such a sanction is warranted.  *Id.*  Importantly, in addition to the four-part analysis, the Fourth Circuit Court of Appeals requires that the district court provide an "explicit and clear" warning to the noncomplying party before dismissing a case with prejudice or entering a default judgment.  *Malhotra* v. *KCI Techs., Inc.*, 240 Fed. Appx. 588, 590 (4th Cir. 2007); *Hathcock* v. *Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).  It does not appear that Defendants have received such a warning.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' motion for sanctions (ECF No. 40) is denied without prejudice to renew. Defendants are ORDERED to respond to Plaintiffs' written discovery responses on or before Wednesday, November 27, 2024. Defendants are cautioned that failure to comply with a discovery order such as this one may result in the imposition of sanctions, including rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi).

Date: November 20, 2024                          /s/
                                       Erin Aslan
                                       United States Magistrate Judge